UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
TIMOTHY J. SULLIVAN
UNITED STATES MAGISTRATE JUDGE

6500 Cherrywood Lane
Greenbelt, Maryland 20770
Telephone: (301) 344-3593

May 18, 2020

LETTER TO COUNSEL:

RE: *Raymond W. v. Andrew M. Saul, Commissioner of Social Security*[1]
Civil No. TJS-19-0914

Dear Counsel:

On March 28, 2019, Plaintiff Raymond W.[2] petitioned this Court to review the Social Security Administration's final decision to deny his claim for Supplemental Security Income ("SSI"). (ECF No. 1.) The parties have filed cross-motions for summary judgment. (ECF Nos. 15 & 16.) These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[3] Having considered the submissions of the parties, I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will deny both motions and remand the case for further proceedings. This letter explains my rationale.

In his application for SSI, Raymond W. alleged a disability onset date of February 4, 2015. (Tr. 331-39.) The application was denied initially and on reconsideration. (Tr. 104-9.) A hearing was held before an Administrative Law Judge ("ALJ") on November 1, 2017. (Tr. 29-78.) In a written decision dated February 27, 2018, the ALJ found that Raymond W. was not disabled under the Social Security Act. (Tr. 13-23.) The Appeals Council denied Raymond W.'s request for review (Tr. 1-6), making the ALJ's decision the final, reviewable decision of the agency.

---

[1] On June 17, 2019, Andrew M. Saul became the Commissioner of Social Security. He is, therefore, substituted as Defendant in this matter. *See* Fed. R. Civ. P. 25(d); 42 U.S.C. § 405(g).

[2] On October 10, 2018, the Court's bench adopted a local practice of using the first name and last initial of non-government parties in Court-issued opinions in Social Security cases. This practice is designed to shield the sensitive personal information of Social Security claimants from public disclosure.

[3] This case was originally assigned to Judge Stephanie A. Gallagher. On November 18, 2019, the case was reassigned to Magistrate Judge Deborah L. Boardman. On February 6, 2020, the case was reassigned to me.

The ALJ evaluated Raymond W.'s claim for benefits using the five-step sequential evaluation process set forth in 20 C.F.R. § 416.920. At step one, the ALJ found that Raymond W. was not engaged in substantial gainful activity and had not been engaged in substantial gainful activity since June 17, 2015. (Tr. 15.) At step two, the ALJ found that Raymond W. suffered from the following severe impairments: affective disorder, anxiety disorder, right should laxity, and degenerative disc disease of the lumbar spine. (*Id.*) At step three, the ALJ found Raymond W.'s impairments, separately and in combination, failed to meet or equal in severity any listed impairment as set forth in 20 C.F.R., Chapter III, Pt. 404, Subpart P, App. 1 ("Listings"). (Tr. 16-18.) The ALJ determined that Raymond W. retained the residual functional capacity ("RFC") to:

> perform medium work as defined in 20 CFR 416.967(c) except the claimant can lift, carry, push, and pull 50 pounds occasionally and 25 pounds frequently. He can sit for 6 hours in an 8-hour workday, and stand and/or work for 6 hours in an 8-hour workday. He can frequently climb ramps and stairs; balance; stoop; kneel; crouch; and crawl. He can occasionally climb ropes, ladders, and scaffolds. He can only frequently reach overhead and in all other directions with the right and dominant arm. He is further limited to simple routine tasks not at a production pace. He can only occasionally adjust to changes in workplace settings. He can only occasionally interact with supervisors, co-workers, and the public. He would be off-task for 10% of the workday.

(Tr. 18.)

At step four, the ALJ determined that Raymond W. was able to perform past relevant work as a warehouse worker and a box maker. (Tr. 21.) Alternatively, at step five, relying on the testimony of a vocational expert ("VE"), the ALJ determined that there are jobs that exist in significant numbers in the national economy that Raymond W. can perform, including hand packager, laundry worker, and cleaner. (Tr. 22.) Therefore, the ALJ found that Raymond W. was not disabled under the Social Security Act (Tr. 23.)

Raymond W. raises two arguments in this appeal. First, he argues that the ALJ erred by using an undefined term ("production pace") in the hypothetical to the VE and in the RFC determination. (ECF No. 15-1 at 9-12.) Second, he argues that the ALJ erred in the RFC determination by failing to properly explain the determination that Raymond W. would be "off-task for 10% of the workday." (*Id.* at 12-16.)

After a careful review of the ALJ's opinion and the evidence in the record, I agree with Raymond W. that the ALJ's reliance on a hypothetical and an RFC that limited the claimant to performing work "not at a production pace" runs afoul of the Fourth Circuit's decision in *Thomas v. Berryhill*, 916 F.3d 307, 312-13 (4th Cir. 2019), as amended (Feb. 22, 2019) (holding that an ALJ's description of work "requiring a production rate or demand pace" failed to give the court "enough information to understand what those terms mean," making it impossible for the court to consider whether the RFC that incorporated those terms was supported by substantial evidence).

In this case, the ALJ committed the same error as in *Thomas*. The ALJ's hypothetical and RFC determination limited Raymond W. to performing "simple routine tasks not at a production

pace." (Tr. 18.) The ALJ does not define the term "production pace" and the Court is uncertain what the ALJ meant by this term. This "makes it difficult, if not impossible," for the Court to determine whether the ALJ's decision is supported by substantial evidence. *Thomas*, 916 F.3d at 312 (4th Cir. 2019). I reject the Commissioner's argument that this error is harmless. *See Brenda C. v. Comm'r, Soc. Sec. Admin.*, No. SAG-18-3234, 2019 WL 4017024, at *2 (D. Md. Aug. 26, 2019). Remand is required to allow the ALJ to more fully explain the RFC determination. *Id.* at 313 n.5 ("On remand, the ALJ will need to establish for how long, and under what conditions, [the claimant] is able "to focus [her] attention on work activities and stay on task at a sustained rate."). I decline to address Raymond W.'s remaining argument.

For the reasons set forth herein, both parties' motions for summary judgment (ECF Nos. 15 & 16) are **DENIED**. Pursuant to sentence four of 42 U.S.C.§405(g), the Commissioner's judgment is **REVERSED IN PART** due to inadequate analysis. The case is **REMANDED** for further proceedings in accordance with this opinion. The Clerk is directed to **CLOSE** this case.

                                          Sincerely yours,

                                          /s/
                                        Timothy J. Sullivan
                                        United States Magistrate Judge